IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENARD AUGUST LUEDKE JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-268-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Benard August Luedke Jr., TDCJ # 1143387, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On January 16, 2002, Luedke was charged by indictment with felony driving while

intoxicated (DWI) in the 54th Judicial District Court of McLennan County, Texas. (2State Habeas R. at 41-42.) The indictment also included a "punishment allegation," alleging a prior 1969 conviction for murder without malice in the same court. (*Id.*) On December 16, 2002, pursuant to a plea agreement, Luedke entered a plea of guilty to the felony DWI charge, and the trial court assessed his punishment at 10 years' confinement. (*Id.* at 53.) Luedke did not enter a plea to the punishment enhancement allegation, and the trial court made no finding regarding the allegation. (*Id.*) Luedke did not directly appeal his conviction or sentence. (Petition at 3.)

On December 27, 2006, Luedke filed an application for writ of habeas corpus in state court, alleging the state added to the range of punishment for the DWI offense by adding illegal court costs and fees to his sentence four years after his conviction, and to which he did not agree to in the plea agreement. (1State Habeas R. at 10.) Luedke filed a second application for writ of habeas corpus in state court on January 5, 2007, complaining of TDCJ's use of his prior 1969 conviction to deny him mandatory supervision release. (2State Habeas R. at 7-8.) The two proceedings were consolidated by the state habeas court, referenced as "A" and "B" applications, and the Texas Court of Criminal Appeals denied the applications without written order on the findings of the trial court on April 11, 2007. (Supp. State Habeas R. at cover.) Luedke filed this federal petition for writ of habeas corpus on April 23, 2007.

### D. Issues

Luedke raises four grounds for relief in which he complains of TDCJ's use of his 1969 murder-without-malice conviction to deny his release to mandatory supervision, TDCJ's denial of certain procedural requirements before "taking" his accrued good and work time credits, and TDCJ's withdrawal of money from his inmate trust account to pay court costs and fees. (Petition at 7-8.)

E. STATUTE OF LIMITATIONS

Quarterman asserts that Luedke's petition for writ of habeas corpus should be dismissed with prejudice because one or more of his claims are unexhausted and procedurally barred and/or time-barred. (Resp't Answer at 4-14.)

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2). The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, namely, the date on which Luedke could have discovered, through the exercise of due diligence, the factual predicate of his claims.

3

To the extent Luedke claims he has been unconstitutionally denied release on mandatory supervision and/or deprived of his good and work time credits, the factual predicate of the claims was discoverable through due diligence at the time of his conviction. Under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed. *See Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). Under the state statute in effect when Luedke committed the instant DWI offense in 2001, he is not, and was never, eligible for release to mandatory supervision on his 10-year sentence because on his 1969 murder conviction. *See* Act of May 12, 1997, 75th Leg. R.S., ch. 238, § 1, 1997 Tex. Gen. Laws 1160 (currently TEX. GOV'T CODE ANN. § 508.149(a) (Vernon 2004)). The state courts determined that Luedke's 1969 conviction for murder without malice was equivalent to murder under sudden passion arising from adequate cause under Texas Penal Code § 19.02(b) and (d), for purposes of deeming him ineligible for mandatory supervision release under § 508.149. (Supp. State Habeas R. at 2.) A federal court will not review a state court's interpretation of his its own law in a federal habeas corpus proceeding. *See Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986); *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983). Moreover, Luedke could also have known through due diligence at the time of his conviction that his good and work time would be irrelevant to his early release on mandatory supervision given his ineligibility. Thus, a petition raising these claims was due on December 16, 2003, absent any applicable tolling.

His state habeas applications filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Luedke alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder*

4

*v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Luedke asserts that his claims just came in to his knowledge in December 2006, however, mere ignorance of the law does not justify equitable tolling. (Pet'r reply at 2.) *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Luedke's federal petition was due on or before December 16, 2003; thus, his petition filed on April 23, 2007, was filed beyond the limitations period and is, therefore, untimely.

To the extent Luedke claims TDCJ is withdrawing funds from his inmate trust account to pay court costs and fees in violation of the ex post facto clause, the state courts rejected the claim on the basis that courts costs are not punishment, were not part of the plea agreement, and the assessment and collection of which provide nothing upon which habeas relief can be granted. (Supp. State Habeas R. at 2.) Moreover, state law expressly provides for withdrawals and payments from an inmate's trust account for court fees and costs. (Pet'r Rebuttal, Exhibit 1-A.) TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2004). Luedke has not demonstrated that the state courts' determination of this claim is contrary to, or involves an unreasonable application of, clearly established federal law on the issue. 28 U.S.C. § 2254(d).

## II. RECOMMENDATION

Luedke's petition for writ of habeas corpus should be DISMISSED with prejudice as time barred, in part, and DENIED, in part. All motions not previously ruled upon should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 25, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 25, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 4, 2007.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE