U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 1 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BENARD AUGUST LUEDKE, JR., §
 §
　　Petitioner, §
 §
VS. § NO. 4:07-CV-268-A
 §
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
 §
　　Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein Benard August Luedke, Jr., is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On October 4, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that Luedke file objections, if any thereto, by October 25, 2007. Luedke timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or

conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Luedke's petition be dismissed with prejudice as time-barred in part and denied in part. Luedke only objects to the Magistrate Judge's conclusion that his petition was not timely filed. He argues that he is entitled to equitable tolling of the statute of limitations because a state-created impediment to filing his petition was in place until December of 2006. As discussed below, however, Luedke was never eligible for mandatory supervision release, so the timeliness of his petition is irrelevant with respect to these claims.

Federal habeas relief is available to a petitioner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a). While the Texas mandatory supervision scheme has been held to create an expectancy of early release, a petitioner complaining that he has not been released on mandatory supervision does not have a constitutional claim for which relief can be granted when such petitioner is not eligible for mandatory supervision release. <u>See</u> <u>Arnold v. Cockrell</u>, 306 F.3d 277, 278 (5th Cir. 2002).

As the Magistrate Judge notes, the Texas state court previously determined that, pursuant to section 508.149(a) of the Texas Government Code, Luedke is not eligible for mandatory supervision because he was convicted of murder without malice in

1969. The state court determined that such conviction was equivalent to murder under sudden passion arising from adequate cause under sections 1902(b) and (d) of the Texas Penal Code, thus rendering Luedke ineligible for mandatory supervision. "The federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding." Cook v. Morrill, 783 F.2d 593, 596 (5th Cir. 1986). See also Cronnon v. Alabama, 587 F.2d 246, 250 (5th Cir. 1978) ("We have repeatedly admonished that we do not sit as a 'super' state supreme court in a habeas corpus proceeding to review errors under state law.").

Luedke seems to argue in his objections that he is entitled to release on mandatory supervision because the Institutional Division of the Texas Department of Criminal Justice sent him records that indicated he would be eligible and gave him an early release date. However, as discussed above and by the Magistrate Judge, the state court determined that Luedke was in fact not eligible for mandatory supervision. The undersigned cannot grant Luedke's petition on this claim unless the state court's determination was contrary to, or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). A prior mistake made by the Institutional Division of the Texas Department of Criminal Justice, if indeed any such mistake was made, would not satisfy the foregoing standard. Accordingly, Luedke is not entitled to any relief on his claims relating to release on mandatory supervision.

3

Luedke raised no specific objection to the Magistrate Judge's conclusions regarding his claims relating to the assessment of court costs and fees, so the court accepts the Magistrate Judge's findings with respect to those claims.

Therefore,

The court accepts the findings, conclusions, and recommendation of the Magistrate Judge and ORDERS that the petition of Benard August Luedke, Jr., for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

The court further ORDERS that all motions not previously ruled upon in the above-captioned action be, and are hereby, denied.

SIGNED November 1, 2007.

JOHN McBRYDE
United States District Judge